# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

**Civil Action No. _____**

| | |
|---|---|
| CAMELIA JONES, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) |
| FIDELITY BANK, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## NOTICE OF REMOVAL

Defendant Fidelity Bank ("Defendant" or "Fidelity"), through counsel, hereby files its Notice of Removal of this action from the Seventh Judicial Circuit, in and for St. Johns County, Florida, to the United States District Court for the Middle District of Florida, Jacksonville Division, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. In support of this removal, Defendant states the following:

## PROCEDURAL ALLEGATIONS

1. On April 19, 2019, Plaintiff Camelia Jones ("Plaintiff") caused initial pleadings to be filed against Defendant Fidelity Bank in the Seventh Judicial Circuit, in and for St. Johns County, Florida, Case No. CA19-517 (the "State Court Action").

2. Plaintiff caused the Summons and Complaint in the State Court Action to be served on Defendant on May 2, 2019.

3. This Notice of Removal is filed within thirty days of receipt of the Summons and Complaint, by service or otherwise. Thus, this Notice of Removal is timely under the provisions of 28 U.S.C. § 1446(b).

4. In compliance with 28 U.S.C. § 1446(a), attached hereto as <u>Exhibit A</u> are copies of the Summons and the Complaint served upon Defendant in the State Court Action. No other process, pleadings, orders, or papers have been received by Defendant in this action

5. Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

6. Plaintiff's Complaint asserts a cause of action pursuant to the Florida Civil Rights Act, Chapter 760, FLA. STAT. ("FCRA") and alleges, in part, that she is the victim of race discrimination, harassment and retaliation, in violation of state law.

## DIVERSITY OF CITIZENSHIP

7. Plaintiff is a citizen of the State of Florida.

8. Fidelity is a citizen of the State of Georgia and maintains its principal place of business in Atlanta, Georgia. (See Affidavit of Joey Tabor filed herewith, para. 3).

## AMOUNT OF CONTROVERSY

9. The amount in controversy exceeds $75,000.00, as evidenced by the fact that the Complaint seeks back pay and front pay, plus attorneys' fees. When a complaint does not claim a specific amount of damages, removal from State court is proper if it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement.

*Williams v. Best Buy Co. Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001). Defendant must prove only that the amount in controversy "more likely than not" exceeds the jurisdictional amount. *Morock v. Chautauqua Airlines, Inc.*, Case No.: 8:07-CV-00210-T17MAP, 2007 U.S. Dist. LEXIS 43133, * 5 (M.D. Fla. June 14, 2007). It need not prove the amount in controversy "beyond all doubt or banish all uncertainty about it." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010). When determining if an unspecified amount in controversy is met, the Court may look beyond the complaint to "evidence relevant to the amount in controversy at the time the case was removed." *Id*. Additionally, the Court may make "reasonable deductions, reasonable inferences, or other reasonable extrapolations" when determining if the amount in controversy is met. *Id*. Deductions combined with factual allegations supported by evidence do not amount to speculation. *Id*. Further, courts may use judicial "experience and common sense in determining" the amount in controversy. *Roe v. Michelin North America, Inc.*, 613 F. 3d 1058, 1062 (11th Cir. 2010).

10. The amount in controversy is calculated by determining the potential damages and attorney's fees incurred from the alleged discriminatory event through the date of trial. *Wineberger v. Racetrac Petroleum, Inc.*, No. 16-10214, 672 Fed. Appx. 914, 2016 U.S. App. LEXIS 21417 (11th Cir. November 30, 2016) (affirming a district court in amount in controversy calculation that included estimates of back pay and attorney fees through trial, a year of front pay, compensatory damages in the $5,000 to $30,000 range, and $10,000 in punitive damages); *Gonzalez v. Honeywell International, Inc,* No. 8:16-cv-3359-T-30TGW,

2017 U.S. Dist. LEXIS 5837, *4-5 (M.D. Fla. Jan. 17, 2017) (holding backpay is calculated through date of trial).[1]

Ms. Jones was earning $43,500.00 per annum at the time of her termination. (See Affidavit of Rachel Boomershine filed herewith, para. 4). Additionally, the Complaint alleges that Ms. Jones was passed over for a promotion to Assistant Branch Manager in May of 2017 and seeks to be made whole through reinstatement, front pay and back pay from that time period. (Complaint, paras. 21, 22, 70-73). The salary for the Assistant Branch Manager position currently ranges from $49,000.00 to $73,000.00 per annum. (See Affidavit of Joey Tabor filed herewith, para. 5). Should Plaintiff recover the equivalent of two full years' worth of back pay under the FCRA for any one of the theories alleged--discrimination, harassment, or retaliation--this amount alone will exceed $75,000.00, exclusive of front pay, attorneys' fees and pre-judgment interest.

11.  For amount in controversy purposes, front pay is calculated as the value that would flow to the plaintiff if the requested relief is granted. In the event that this Court considers the issue of front pay, an award of one year of front pay is not uncommon in employment cases. *See Munoz v. Oceanside Resorts. Inc.,* 223 F.3d 1340, 1349 (11th Cir. 2000) (affirming front pay award of one year in the amount of $22,449.80). Assuming Plaintiff was awarded just one year of front pay damages, her damages would be an additional $43,500 (excluding benefits).

---

[1] Some courts in this District calculate back pay for the amount in controversy through the date of removal. *See, e.g., Ambridge v. Wells Fargo Bank, N.A.*, No. 8:14-cv-1212-EAK-TBM, 2014 U.S. Dist. LEXIS 126654, *7-8 (M.D. Fla. September 10, 2014).

12. Next, Plaintiff claims punitive damages which should also be taken into consideration. *See Wineberger v. Racetrac Petroleum, Inc.*, No. 16-10214, 672 Fed. Appx. 914, 2016 U.S. App. LEXIS 21417 (11th Cir. November 30, 2016) (affirming calculation of $10,000 of punitive damages in the amount of controversy calculation).

13. The Plaintiff's Complaint also makes a claim for attorney's fees, and, as such, that amount should be taken into consideration when determining whether the Plaintiff's claims likely exceed $75,000.00. While the Defendant has not gone so far as to calculate the estimated amount of attorneys' fees that the Plaintiff's attorney may reasonably request assuming he prevails at trial, the fact that attorneys' fees must be included in the calculation for diversity jurisdiction only strengthens Defendant's assertion that the preponderance of the evidence establishes that the Plaintiff's Complaint reasonably states a claim in excess of $75,000.

14. Finally, Plaintiff pre-suit settlement demand clarifies that the amount in controversy is over $75,000. Months before filing the Complaint, Plaintiff made a demand of $97,500.00. (See Affidavit of Raanon Gal filed herewith and Exhibit A thereto); *see Lowery v. Alabama Power Co.,* 483 F.3d 1184, 1212-13 n. 62 (11th Cir. 2007) (noting that settlement offers can serve as evidence of the amount in controversy). Simply put, this is not a case where Plaintiff never sought, nor intended to accept, greater than $75,000 in damages from Defendant.

<u>VENUE, NOTICE AND FILING FEES</u>

15. Accordingly, this honorable Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332. As such, Defendant respectfully requests removal of Plaintiff's suit to this Court pursuant to 28 U.S.C. § 1441(b).

16.     Venue is proper in this Court pursuant to 28 U.S.C. §§ 1441(a) and 1446(a), as this is the division and district court of the United States embracing the place where the action is pending, and Plaintiff's claims arose in this district.

17.     Written notice of the filing of this Notice of Removal will be provided to Plaintiff, together with a copy of the Notice of Removal and supporting papers. Pursuant to 28 U.S.C. § 1446(d), the same has been or will be filed with the Seventh Judicial Circuit, in and for St. Johns County, Florida, in the State Court Action. A copy of the Notice of Filing Notice of Removal is attached as <u>Exhibit B</u>.

18.     Defendant submits this Notice of Removal subject to and without waiver of any of its claims, defenses, rights, or remedies in this action, all of which are expressly reserved, and without admitting any of Plaintiff's claims or that she is entitled to any damages or other relief in this case.

WHEREFORE, Defendant Fidelity Bank respectfully prays that the above-captioned action now pending against it proceed in this Court as an action properly removed.

Respectfully submitted this 17th day of May, 2019.

/s/ *Donald R. Andersen*
Donald R. Andersen
Florida Bar No. 927953
**TAYLOR ENGLISH DUMA LLP**
1600 Parkwood Circle – Suite 400
Atlanta, Georgia 30339
(770) 434-6868
(770) 434-7376 (Facsimile)
dandersen@taylorenglish.com

*Counsel for Defendant Fidelity Bank*

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

**Civil Action No. _____**

| | |
|---|---|
| CAMELIA JONES, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) |
| FIDELITY BANK, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was served upon all counsel or parties of record via e-mail and First Class U.S. Mail, as follows:

Noah E. Storch
Robert D. Pecchio
RICHARD CELLER LEGAL, P.A.
10368 W. State Road 84, Ste. 103
Davie, FL  33324
(noah@floridaovertimelawyer.com)
(robert@floridaovertimelawyer.com)

Respectfully submitted this 17th day of May, 2019.

/s/ *Donald R. Andersen*
Donald R. Andersen
Florida Bar No. 927953
**TAYLOR ENGLISH DUMA LLP**
1600 Parkwood Circle – Suite 400
Atlanta, Georgia 30339
(770) 434-6868
(770) 434-7376 (Facsimile)
dandersen@taylorenglish.com

*Counsel for Defendant Fidelity Bank*